Boothe Austin **HALEY,** Plaintiff,

v.

The **TREES OF BROOKWOOD,** **INC., et al.,** Defendants.

Civ. A. No. 93–AR–2250–S.

United States District Court, N.D. Alabama, S.D.

Dec. 13, 1993.

Daniel J Burnick, Sirote and Permutt PC, Birmingham, AL, for plaintiff.

John M. Fraley, McDaniel Hall Conerly & Lusk, Birmingham, AL, for defendants.

## MEMORANDUM OPINION

ACKER, District Judge.

Defendants, The Trees of Brookwood, Inc. ("Trees") and Deana Goodwine ("Goodwine"), removed the above-entitled action to this court. It was filed by plaintiff, Boothe Austin Haley ("Haley"), in the Circuit Court of Jefferson County, Alabama. With the notice of removal defendants filed a motion to dismiss, a motion to strike Haley's jury demand, and a motion to strike Haley's claims for extracontractual and punitive damages.

Haley's complaint includes claims for breach of contract, for fraud, and for the Alabama tort of outrage. Fairly construed, the factual averments supporting these claims are these:

1. Haley was employed by Trees, and as an employee he was covered by the medical benefits insurance plan furnished by Trees to its employees. (Haley did not aver that his employee benefits were provided pursuant to an ERISA plan, but in the notice of removal defendants assert that the plan is an ERISA plan).

2. Haley left Trees only after being told by Goodwine, acting in her capacity as president of Trees, that Haley's medical coverage would be continued, and this promise of post-employment coverage was reinforced and confirmed by defendants' furnishing to Haley of a COBRA form which Haley filled out.

3. Defendants' representation regarding continued medical coverage was knowingly false, and Haley relied upon it to his detriment by thereafter incurring medical expenses which he would not have otherwise incurred, in the erroneous belief that he was still insured.

In support of their "federal question" removal invoking 28 U.S.C. §§ 1331 and 1441(b) and (c), defendants have submitted Goodwine's affidavit in which she outlines facts designed to prove that Trees' plan qualified as an ERISA plan. For instance, Trees handled the paperwork, completed all necessary forms and paid all premiums. The notice of removal alleges that Trees at all times pertinent had less than twenty (20) employees. Although it is not necessary in order to have an ERISA plan that the employer have at least twenty (20) employees, defendants correctly allege that "plaintiff is not entitled to benefits under the Consolidated Omnibus Budget Reconciliation Act of 1988 (COBRA)", because COBRA requires that an employer have at least twenty (20) employees before COBRA's obligations are triggered. Defendants' motion to dismiss is based on the fact that Trees employs less than twenty (20) persons.

■ The court is entirely willing to assume that the plan maintained by Trees qualified as an "employee welfare benefit plan" within the meaning of the Employees Retirement Insurance Security Act of 1974 (ERISA). The court also finds it easy to agree with both plaintiff and defendants on the inapplicability of COBRA. Because Trees maintained fewer than twenty (20) employees, 29 U.S.C. § 1161(b) excludes Trees from any requirement that insurance coverage be continued after termination of employment, and therefore Haley cannot state a cause of action under COBRA.

■ Haley employs and enjoys the undisputed fact that COBRA does not apply. The inapplicability of COBRA constitutes the entire argument in support of Haley's contention that his claim is not preempted by ERISA. The precise issue is, as far as this court can ascertain, a question of first impression. The question is: "Does ERISA's super-preemption of state law claims render an action removable if the allegations in the state court complaint are that an ERISA plan employer represented that insurance coverage would be continued under COBRA knowing full well that there would be no such coverage and no right in the former employee to complain under COBRA?" This court is compelled to answer this question, "No."

COBRA was enacted in 1986 as an amendment to ERISA. It provides for continuation of employee benefits upon the happening of

certain events. As distinguished from ERISA, COBRA contains no provision relating to preemption. Congress specifically addressed the preemption of state law in Section 514(a) of ERISA:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this Title and not exempt under section 1003(b) of this Title.

29 U.S.C. § 1144.

Under *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 45, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987), "[i]f a state law 'relate[s] to ... employee benefit plan[s],' it is pre-empted." However, *Pilot Life* also directed that "[t]he question whether a certain state action is pre-empted by federal law is one of congressional intent." *Pilot Life,* 481 U.S. at 45, 107 S.Ct. at 1552. *Pilot Life* conspicuously did not overrule *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), wherein the Supreme Court warned against a literal interpretation of the preemption clause and said:

> Some state actions may affect employee benefit plans in too tenuous, remote or peripheral a manner to warrant a finding that the law "relates to" the plan.

463 U.S. at 100, n. 21, 103 S.Ct. at 2901, n. 21.

The claim here presented by Haley may tenuously or remotely or peripherally relate to an employee benefit plan in that relief might indirectly create an extension of the plan guarantees beyond Haley's period of employment, without any assistance from COBRA. When enacting COBRA, Congress specifically excluded employers with less than twenty (20) employees. By doing so, Congress manifested an intent not to apply federal law exclusively to the facts of a case like this one. The state court that hears this case will not be called upon to interpret the employee benefit plan itself, and that plan will not be affected because the plan itself is not a target. No party alleges that this particular ERISA plan, by its terms, provided for continuation of benefits without regard

to COBRA implications, and the court will not be called upon to interpret COBRA because all parties agree that COBRA does not apply. This fact is central to both sides of the controversy, both on the merits and on the removal question.

Haley may have ventured to the very edge of the ERISA quicksand, but his case has not been swallowed up by it. *See Jordan v. Reliable Ins. Co.,* 694 F.Supp. 822, 827 (N.D.Ala.1988). A credible argument for preemption can be fashioned around *Sanson v. General Motors Corp.,* 966 F.2d 618 (11th Cir.1992), a case in which the Eleventh Circuit found that a fraud claim is preempted by ERISA, even though neither ERISA by its terms nor any federal common law extension of ERISA there provided poor Sanson a remedy. The dissent by Judge Birch may not have persuaded the *Sanson* majority in that case, but his reference to "a point at which the preemption tide should be stayed" (966 F.2d at 623) encourages this court to believe that Judge Birch's reasoning would prevail in a case in which an *amendment* to ERISA is invoked as preemptive, but where the amendment has no provision for preemption, and where the amendment is used both as the vehicle for removal and as a proposed absolute defense. Judge Birch's dissent nicely fits this case when he says:

> At the outset I must acknowledge that the direction of decision in the courts, particularly in the wake of *Ingersoll–Rand Co. v. McClendon,* [498] U.S. [133], 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), favors a finding of preemption. However, given the acknowledged, underlying purpose of ERISA to protect employees and beneficiaries in employee benefit plans, this case represents the point at which the preemption tide should be stayed. A finding of preemption in this case not only fails to further any such protective policy, it conceivably offers an unscrupulous employer a method of avoiding employee benefit "burdens." An employer in this circuit can now hoodwink a long time employee and leave him stranded without any recourse whatsoever. This result stands the entire statutory scheme on its proverbial head.

\*     \*     \*     \*     \*     \*

[T]he policy advanced in *McClendon* and served by ERISA's preemptive force—forcing plaintiffs to assert federal causes of action in order to ensure uniform pension law and in order to adequately notify employers about pension obligations—is entirely absent in this case. Allowing Sanson's claim would not conflict with (or even duplicate) federal law because no parallel federal lawsuit exists. And the only notification offered to employers is that they may lie to future retirees about potential future benefit plans without fear of repercussions, as long as the fraud at issue involves misrepresentations as to the very existence of a special retirement plan such that the fraud occurs in advance of any plan's existence. In this way, the combination of the majority's holdings—that Sanson's state cause of action is preempted by ERISA even while ERISA denies him any alternative remedy—is disappointingly pernicious to the very goals and desires that motivated Congress to enact pension laws in the first place.

966 F.2d at 623, 625 (footnotes omitted). If Judge Birch had been in a position to add that the promised retirement plan could never have been governed by ERISA, he surely would have prevailed. The truth of this assertion can be proven by a simple illustration. If an employer in fact had no ERISA-qualified plan but presented to prospective employees forged and fraudulent documents styled "ERISA Benefit Plan," creating the false impression that a plan conforming to ERISA standards existed, could that employer thereafter use ERISA to super-preempt a state law fraud claim? Surely more judges than Judge Birch would stand in the way of such an anomalous and unfair result. Haley's case, if he can prove it, is closely analogous to this hypothetical situation.

Defendants here want the best of both possible worlds. Although the Eleventh Circuit in *Sanson* may be suggesting that ERISA fiduciaries can have it both ways, defendants in the instant case must be assumed, for the purposes of evaluating this court's jurisdiction, to have done what Haley claims that they did, namely, deliberately misrepresent to Haley that his medical coverage would be extended under COBRA when they knew that COBRA did not and could not apply. This is the kind of misrepresentation which is regularly and routinely addressed by state courts, and any connection to Trees' ERISA plan is so tenuous, remote and peripheral as not to be within that degree of relationship to an ERISA plan which Congress contemplated when it wrote the preemption language in ERISA, but left it out of COBRA.

Because there was no original jurisdiction in this court, this removal was improper under 28 U.S.C. § 1331, and Haley's motion to remand will be granted by separate order.